UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FLORIDA RISING TOGETHER, INC., FLORIDA RISING, INC.,**

    Plaintiffs,

  v.                                    Case No.:  6:24-cv-01682-AGM-NWH

**CORD BYRD; CHRISTINA WHITE; JOE SCOTT; GLEN GILZEAN; JERRY HOLLAND; MARY JANE ARRINGTON; LISA LEWIS; WENDY SARTORY LINK; MARK EARLY; JULIE MARCUS; KAREN CASTOR DENTEL; ALINA GARCIA; KENYA PONDER; AMY PENNOCK; CRAIG LAITMER; and MELONY BELL,**

    Defendants.

## ORDER

THIS CAUSE is before the Court on a Joint Motion to Stay Discovery (doc. # 143) and a Joint Motion to Amend Briefing Schedule and Page Limits (doc. # 151), both filed by Plaintiffs Florida Rising Together, Inc., and Florida Rising, Inc. ("Plaintiffs"); Defendants Arrington, Bell, Byrd, Dentel, Early, Garcia, Holland, Latimer, Lewis, Link, Marcus, Pennock, Scott, and Williams ("Defendants"); and Intervenors the Republican National Committee and Republican Party of Florida ("Intervenors") (collectively, Plaintiffs, Defendants, and Intervenors are referred to here as the "Moving Parties")[1].

---

[1] The nonmoving Defendants did not file a response in opposition to the Moving Parties' Motion to Stay or Motion to Amend Briefing Schedule.

After Secretary Byrd and Intervenors moved to dismiss (docs. # 145, 148; the "Motions to Dismiss"), the Moving Parties jointly request that the Court: (1) extend the deadline for Plaintiffs to file their Opposition to the Motions to Dismiss to February 17, 2026; (2) grant Plaintiffs leave to file an omnibus Opposition; (3) enlarge the page limit for Plaintiffs' omnibus Opposition, if granted, to sixty (60) pages; (4) grant Moving Defendants leave to file reply briefs in support of their Motions to Dismiss by March 18, 2026; and (5) enlarge the page limit for Moving Defendants' reply briefs, if granted, to twenty (20) pages.

The Moving Parties further seek an order that (1) stays all discovery, including Rule 26(a)(1) disclosures, service of written discovery, depositions, third-party discovery, and discovery motion practice, until the Motions to Dismiss are decided; (2) requires the parties to preserve potentially-relevant documents and ESI; and (3) directs the parties to meet and confer and submit a proposed amended case management schedule within fourteen days after the stay is lifted.

District courts have "broad discretion in deciding how best to manage the cases before them" and it is appropriate to stay discovery during the pendency of a facial challenge to the legal sufficiency of a claim or defense. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366–67 (11th Cir. 1997). Here, the jointly-requested stay of discovery is appropriately granted and consistent with the interests of efficiency and judicial economy. The joint request to amend the briefing schedule is also due to be granted. However, the requests for omnibus briefing and expanded page limits were not adequately justified, when weighing the articulated reasons against the important interests of efficiency and judicial economy.

Accordingly, it is now

**ORDERED** and **ADJUDGED** that:

1. The Parties' Motion to Stay Discovery (doc. # 143) is **GRANTED**.

2. The Parties Motion to Amend Briefing Schedule (doc. # 151) is **GRANTED in part** and **DENIED in part**.

3. Plaintiffs' request to extend the deadline to file their Response to the Motions to Dismiss to February 17, 2026, is **GRANTED**.

4. Plaintiffs' request to file an omnibus opposition to the Motions to Dismiss is **DENIED**.

5. Because the Court denies leave to file an omnibus opposition, Plaintiffs' request to enlarge the page limit for such a filing is **DENIED as moot**.

6. Defendants' request for leave to file reply briefs in support of their Motions to Dismiss by March 18, 2026, is **GRANTED**.

7. Defendants' request to enlarge the reply page limit is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this January 26, 2026.

ANNE-LEIGH GAYLORD MOE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record