**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| FLORIDA RISING TOGETHER, INC. and FLORIDA RISING, INC.<br><br>Plaintiffs,<br><br>v.<br><br>CORD BYRD, et al.<br><br>Defendants. | CIVIL CASE NO. 6:24-cv-01682 |

**PLAINTIFFS' MOTION FOR RECONSIDERATION**
**OR, IN THE ALTERNATIVE, CLARIFICATION**

Plaintiffs Florida Rising Together, Inc. and Florida Rising, Inc. ("Plaintiffs"), through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 54(b), respectfully move this Court to reconsider its September 29, 2026 Order to the extent that it directs Plaintiffs to file an amended disclosure statement identifying the names and addresses of individual members of Florida Rising Inc., or, in the alternative, seek clarification that filing an amended disclosure statement is only required in the event that Plaintiffs decide to file an amended complaint.

Defendants Arrington, Bell, Dentel, Earley, Garcia, Holland, Latimer, Lewis, Link, Marcus, Pennock, Ponder Williams, and Scott and Intervenor Defendants Republican National Committee and Republican Party of Florida take no position.

Defendant Secretary of State Byrd (the "Secretary") opposes Plaintiffs' motion for reconsideration and takes no position on Plaintiffs' motion for clarification.

**BRIEF HISTORY AND INCORPORATED MEMORANDUM OF LAW**

On September 29, 2026, the Court entered an Order granting the Secretary of State's Motion to Dismiss and dismissing the First Amended Complaint (ECF No. 105), while granting Plaintiffs leave to amend on or before October 15, 2026 (ECF No. 221). In the same Order, the Court struck Plaintiffs' disclosure statement (ECF No. 160), and directed Plaintiffs to file an amended disclosure statement in compliance with the Middle District of Florida Local Rule 3.03 no later than October 5, 2026 (ECF No. 221).

On October 2, 2026, Plaintiffs filed a Motion for Extension of Time to File an Amended Disclosure Statement (ECF No. 224). On October 5, 2026, the Court granted Plaintiffs' motion in part, allowing Plaintiffs until October 15, 2026 to file an amended disclosure statement (ECF No. 225).

Plaintiffs respectfully request that the Court grant its motion for reconsideration and, instead of requiring Plaintiffs to amend their disclosure statement now, permit Plaintiffs, if they elect to amend their complaint, to file under seal at that time, pursuant to Local Rule 1.11, an amended Local Rule 3.03 disclosure statement identifying the members from whom Florida Rising, Inc. derives its standing.

Rule 54(b) provides that an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any

time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Under Rule 54(b), district courts retain plenary power to reconsider an interlocutory order . . . . " *Ford v. Hughes*, 2026 WL 1854882, at *1 (N.D. Fla. June 26, 2026) (quoting *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379 (11th Cir. 2024)). The showing needed to obtain reconsideration of an interlocutory order under Rule 54(b) is not as stringent as the showing required under Rules 59(e) and 60(b), which only apply after a final judgment has been entered. *Hornady*, 118 F.4th at 1379-81. "Courts should consider 'both the weight of the moving party's arguments and the disruption that a change would cause in light of the time that has passed since the decision was initially made.'" *Ford*, 2026 WL 1854882, at *1 (quoting *Hornady,* 118 F.4th at 1381).

Plaintiffs' request for reconsideration is underpinned by the serious constitutional concerns that would be implicated by disclosing the identities and addresses of its members. In *NAACP v. Alabama ex rel. Patterson*, the Supreme Court held that a state court order compelling the NAACP to produce the names and addresses of its rank-and-file members, as a precondition to litigating whether the organization was subject to the state's corporate registration requirements, "must be regarded as entailing the likelihood of a substantial restraint upon the exercise by petitioner's members of their right to freedom of association," and was therefore a denial of due process under the Fourteenth Amendment. 357 U.S. 449, 462 (1958). The Court explained that "compelled disclosure of affiliation with

groups engaged in advocacy may constitute as effective a restraint on freedom of association" as direct governmental prohibitions on that associational activity, and that such compelled disclosure can expose rank-and-file members "to economic reprisal, loss of employment, threat of physical coercion, and other manifestations of public hostility," deterring both current members from remaining in the organization and prospective members from joining. *Id.* at 462-63.

Because compelled identification of an organization's membership implicates a right "so related to the right of the members to pursue their lawful private interests privately and to associate freely with others in so doing as to come within the protection of the Fourteenth Amendment," the state may compel such disclosure only on a showing of a "compelling" and "controlling justification" sufficient to overcome the deterrent effect on associational rights. *Id.* at 463, 466.

Concerns about freedom of association apply here to Florida Rising, Inc., a nonprofit membership organization whose mission is to advance the interests of historically marginalized communities. The Florida Rising members whose names and addresses the Court's September 29, 2026 Order would require Plaintiffs to disclose are rank-and-file members; they are not officers, directors, or paid agents of the organization whose identities might be publicly accessible. Public identification of these individual members, together with their home addresses, would reveal not only their affiliation with Florida Rising, Inc. and its advocacy on contested questions of race and voting rights, but also personal residential information that could place them at risk of being subjected to the kind of

harassment, intimidation, and reprisal that the Supreme Court found constitutionally intolerable in *Patterson*.

If the Court finds that such disclosure is indeed required to assess whether at least one individual member of Florida Rising has standing in their own right at every stage of this litigation, Plaintiffs propose disclosing such information under seal. Reconsideration is therefore warranted so that, consistent with *Patterson*, Plaintiffs may satisfy their disclosure obligations under Local Rule 3.03 without subjecting their members to public exposure unsupported by any corresponding benefit to the Court's standing inquiry.

Relatedly, Plaintiffs also seek clarification that filing an amended disclosure statement is only required in the event that Plaintiffs decide to file an amended complaint, in light of the fact that the clerk closed this case on September 29 at the direction of the Court and the case will not otherwise proceed, thereby obviating the Court's need to continue assessing the standing of Florida Rising. *See* ECF No. 221 at 33.

Plaintiffs have met the standard for reconsideration under Rule 54(b) as the weight of Plaintiffs' arguments favors relief and permitting Plaintiffs to file an amended disclosure statement under seal would cause no disruption to the proceedings, consistent with the deferential standard Eleventh Circuit courts apply to reconsideration of non-final orders.

**WHEREFORE**, Plaintiffs respectfully request that the Court reconsider the portion of its September 29, 2026 Order directing Plaintiffs to file an amended

disclosure statement, and permit Plaintiffs, if they elect to amend their complaint, to file under seal at that time, pursuant to Local Rule 1.11, an amended Local Rule 3.03 disclosure statement identifying the members from whom Florida Rising, Inc. derives its standing. In the alternative, Plaintiffs seek clarification that filing an amended disclosure statement is only required in the event that Plaintiffs decide to file an amended complaint.

Respectfully submitted,

*/s/ Angela M. Liu*
Neil A Steiner*
Angela M. Liu*
**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
(212) 698-3500
Neil.Steiner@dechert.com
Angela.Liu@dechert.com

Mark Dorosin
FL Bar No. 1041169
201 FAMU Law Lane
Orlando, FL 32801
(407) 254-4043
markdorosin@gmail.com

Miriam Fahsi Haskell
**Community Justice Project, Inc.**
3000 Biscayne Blvd #106
Miami, FL 33137
(305) 907-7697
miriam@communityjusticeproject.com

John Powers*
Hani Mirza**
**Advancement Project**
1220 L Street NW, Suite 850
Washington, DC 20005
(202) 728-9557
JPowers@advancementproject.org

*Counsel for Plaintiffs*

* Admitted *pro hac vice*
**Admission for *pro hac vice*

**LOCAL RULE 3.01(G) CERTIFICATION**

I HEREBY CERTIFY that Undersigned Counsel has conferred with Opposing Counsel. Defendants Arrington, Bell, Dentel, Earley, Garcia, Holland, Latimer, Lewis, Link, Marcus, Pennock, Ponder Williams, and Scott and Intervenor Defendants Republican National Committee and Republican Party of Florida have no objection to the relief requested herein. Defendant the Secretary opposes Plaintiffs' motion for reconsideration and does not object to Plaintiffs' motion for clarification. Undersigned Counsel conferred with Counsel for the Secretary via phone call and e-mail.

*/s/ Angela M. Liu*

Angela M. Liu

**CERTIFICATE OF SERVICE**

I, Angela M. Liu, certify that on October 14, 2026, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Angela M. Liu*

Angela M. Liu

**<u>CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS NOT USED IN THE PREPARATION OF THIS FILING</u>**

I have reviewed the Standing Order Requiring Disclosure of the use of Artificial Intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

*<u>/s/ Angela M. Liu</u>*

Angela M. Liu