**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FLORIDA RISING TOGETHER, INC., FLORIDA RISING, INC.,**

**Plaintiffs,**

**v.** **Case No.: 6:24-cv-01682-AGM-NWH**

**CORD BYRD, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE FOR THE STATE OF FLORIDA, et al.,**

**Defendants.**
**__________________________________/**

**ORDER STRIKING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO SEAL UNDER LOCAL RULE 1.11**

Seven hundred fifty-eight days after Florida Rising Together, Inc. and Florida Rising, Inc. were first obligated to disclose the identity of the entities and natural persons who have an interest in this case—a case that, after two years of litigation about Florida's voter registration laws and on the eve of an election, Florida Rising Together, Inc. and Florida Rising, Inc. just decided they no longer want to pursue—Florida Rising Together, Inc. and Florida Rising, Inc. have disclosed the names and partial addresses of certain individuals. But they have done this only after (1) requesting and being granted two additional weeks to make the disclosure and then (2) demanding that the information be maintained under seal and (3) omitting information necessary to identify whether any of the "interested persons" were even eligible to vote in Florida. The issue of whether to seal the disclosure must be left for another

day, because, as a threshold matter, the disclosure is plainly inadequate and Florida Rising Together, Inc. and Florida Rising, Inc. did not comply with this Court's Order.

Florida Rising Together, Inc. and Florida Rising, Inc. were ordered (Doc. # 221, p. 24) to provide a name and address for any natural persons "with an interest the action's outcome might substantially affect," and the disclosure was required to include "the address the member listed on his or her voter registration application" for every member of Florida Rising, Inc. from whom the organization allegedly derives its standing.

The "amended disclosure" Florida Rising Together, Inc. and Florida Rising, Inc. attached to their Motion to Seal (Doc. # 227) does not contain the information the plaintiffs were ordered to provide. Specifically, Florida Rising Together, Inc. and Florida Rising, Inc. were required to identify those natural persons "by name and address." (Doc. # 221, p. 24). In the United States, an address includes, at a minimum, a street number, street name, city, state, and zip code. *See Address*, The American Heritage College Dictionary (3d ed. 1993) ("The written directions on mail indicating destination; the location at which a person or organization may be found or reached."). Yet, despite the unquestionable significance of the "location at which a person or organization may be found or reached" in a case about whether the person is eligible to vote in Florida, Florida Rising Together, Inc. and Florida Rising, Inc. decided to construe "address" in a way that did not include the city, state, or zip code of the person. For example, the address of the first person on the "amended disclosure" includes a street number at "N. 58th Ave." It seems rather important to know whether the N. 58th Ave. where this individual may be found is in Florida, Arizona, or Minnesota, because all three appear to have a street by that name. In a case in which a person's legal qualification to vote in Florida makes

it clearly relevant whether "N. 58th Ave." is in Florida versus Minnesota, it is unacceptable for Florida Rising Together, Inc. and Florida Rising, Inc. to omit this information. Moreover, nothing in the amended disclosure adequately identifies whether any listed natural person is purported to be a "member of Florida Rising, Inc. from whom the organization allegedly derives its standing." If so, Florida Rising Together, Inc. and Florida Rising, Inc. were obligated to provide "the address listed on the voter registration application," which may be, two years later, different than the address where the same person may be found today.

After they were ordered to provide this information, Florida Rising Together, Inc. and Florida Rising, Inc. decided they want to drop this case. (Doc. # 227, p. 5.) But Florida Rising Together, Inc. and Florida Rising, Inc. invoked this Court's jurisdiction, litigated purportedly on behalf of natural persons who they contended were members of Florida Rising, Inc. with standing in their own right, did not comply with a rule that required disclosure of the identity of those people, and they remain obligated to comply with a Court Order directing that they comply. The Order directing Florida Rising, Inc. to amend its disclosure did not make the disclosure contingent on amendment to the complaint.

While they are under Order to file the amended disclosure, Florida Rising Together, Inc. and Florida Rising, Inc. are at liberty to decide whether to re-file the motion to seal. If the motion is re-filed, Florida Rising Together, Inc. and Florida Rising, Inc. are directed to analyze the applicability of *NAACP v. Alabama ex rel. Patterson* in a context where the party has, under Rule 11(b) of the Federal Rules of Civil Procedure, "sign[ed], fil[ed], submitt[ed], [and] advocat[ed]" in "a pleading, written motion, or other paper" that its standing was derived from the standing of its members.

Accordingly, it is now

**ORDERED** and **ADJUDGED** that:

1. Florida Rising Together, Inc. and Florida Rising, Inc.'s Motion to Seal Under Local Rule 1.11 (Doc. # 227) is **STRICKEN** without prejudice; and

2. No later than October 21, 2026, Florida Rising Together, Inc. and Florida Rising, Inc. are **DIRECTED** to file an amended disclosure that complies with Local Rule 3.03 and the Court's September 29, 2026 Order. Additionally, Florida Rising Together, Inc. and Florida Rising, Inc. are **DIRECTED** to carefully review and comply with the specific instructions provided on page 24 of the Court's September 29, 2026 Order.[1]

**DONE** and **ORDERED** in Orlando, Florida this October 16, 2026.

**ANNE-LEIGH GAYLORD MOE**
UNITED STATES DISTRICT JUDGE

Copies to:

All counsel of record

[1] "In its amended disclosure, Florida Rising, Inc. will identify any natural persons 'with an interest the action's outcome might substantially affect' by name and address. For avoidance of doubt, if there are members of Florida Rising, Inc. from whom the organization allegedly derives its standing, then Florida Rising, Inc. must also include in its disclosure the address the member listed on his or her voter registration application." (Doc. # 221, p. 24.)