**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| FLORIDA RISING TOGETHER, INC. and FLORIDA RISING, INC.<br><br>Plaintiffs,<br><br>v.<br><br>CORD BYRD, et al.<br><br>Defendants. | CIVIL CASE NO. 6:24-cv-01682 |

**PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT**

Plaintiffs Florida Rising Together, Inc. and Florida Rising, Inc. ("Plaintiffs"), through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 58(a) and (d), respectfully move for entry of a separate final judgment memorializing the Court's September 29, 2026 Order dismissing the First Amended Complaint without prejudice due to lack of standing. ECF No. 221.

The allotted time to amend has expired without Plaintiffs amending their complaint. Thus, Plaintiffs now seek a separate judgment reflecting the dismissal.

Defendants Arrington, Bell, Byrd, Dentel, Earley, Garcia, Holland, Latimer, Lewis, Link, Marcus, Pennock, Ponder Williams, and Scott and Intervenor-Defendants Republic National Committee and Republican Party of Florida take no position on Plaintiffs' motion.

**BRIEF HISTORY AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs' First Amended Complaint challenged Florida's voter registration verification requirement and sought declaratory and injunctive relief against the Secretary of State (the "Secretary") and thirteen county supervisors of elections. ECF No. 105. The Secretary moved to dismiss for lack of standing and Intervenor-Defendants, the Republican National Committee and the Republican Party of Florida, also separately moved to dismiss. ECF Nos. 148, 145.

On September 29, 2026, the Court granted the Secretary's motion to dismiss.[1] ECF No. 221 at 33. In doing so, the Court concluded that Plaintiffs had not adequately pled standing. *Id.* at 33. Thus, the Court dismissed the First Amended Complaint without prejudice and allowed Plaintiffs to amend on or before October 15, 2026. *Id.* The Court also directed the Clerk to close the file, subject to reopening without further order if Plaintiffs timely amended. *Id.* The Clerk then closed the case.

Plaintiffs did not file an amended complaint by the October 15, 2026 deadline and do not seek further leave to amend through this motion. *See Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986) ("In dismissing the complaint, the district court may [] provide for a stated period within which the plaintiff may amend the complaint. If the plaintiff does not amend the complaint within the time allowed, no amendment may be made absent

[1] In the same Order, the Court denied the Intervenor-Defendants' motion without prejudice because it raised issues that were premature until the Court determines it has jurisdiction. ECF No. 221 at 2-3.

leave of court, and the dismissal order becomes final at the end of the stated period."). As such, and per the Court's September 29, 2026 Order, Plaintiffs respectfully request a separate final judgment.

Rule 58(a) generally requires that a judgment be set out in a separate document, and Rule 58(d) expressly permits a party to request that judgment be set out in that form. Fed. R. Civ. P. 58(a), (d). Plaintiffs request a separate judgment reflecting the disposition ordered by the Court on September 29, 2026—specifically, a without-prejudice dismissal on jurisdictional grounds rather than an adjudication on the merits. *Compare* ECF No. 221, *with Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). . . . A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.") (cleaned up). Plaintiffs request no alteration of the Court's September 29, 2026 Order herein. Nor do Plaintiffs seek to extend or restart any appellate deadline, amend any order governing disclosure of sealed materials, or modify any pending motion. This instant motion seeks only the separate-document form of final judgment contemplated by Rule 58.

**WHEREFORE**, Plaintiffs respectfully request that the Court direct entry of a separate final judgment under Rule 58(a) and (d) dismissing this action without prejudice for lack of standing, consistent with ECF No. 221, with the file remaining closed.

Respectfully submitted,

*/s/ Angela M. Liu*
Neil A Steiner*
Angela M. Liu*
**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
(212) 698-3500
Neil.Steiner@dechert.com
Angela.Liu@dechert.com

Mark Dorosin
FL Bar No. 1041169
201 FAMU Law Lane
Orlando, FL 32801
(407) 254-4043
markdorosin@gmail.com

*Counsel for Plaintiffs*

* Admitted *pro hac vice*

Miriam Fahsi Haskell
FL Bar No. 69033
Adam Saper
FL Bar No. 111750
**Community Justice Project, Inc.**
3000 Biscayne Blvd #106
Miami, FL 33137
(305) 907-7697
miriam@communityjusticeproject.com

John Powers*
**Advancement Project**
1220 L Street NW, Suite 850
Washington, DC 20005
(202) 728-9557
JPowers@advancementproject.org

## LOCAL RULE 3.01(G) CERTIFICATION

I HEREBY CERTIFY that Undersigned Counsel conferred with Opposing Counsel. Defendants Arrington, Bell, Byrd, Dentel, Earley, Garcia, Holland, Latimer, Lewis, Link, Marcus, Pennock, Ponder Williams, and Scott and Intervenor-Defendants Republic National Committee and Republican Party of Florida take no position on Plaintiffs' motion.

*/s/ Angela M. Liu*
Angela M. Liu

## CERTIFICATE OF SERVICE

I, Angela M. Liu, certify that on November 19, 2026, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Angela M. Liu*
Angela M. Liu

## **CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS NOT USED IN THE PREPARATION OF THIS FILING**

I have reviewed the Standing Order Requiring Disclosure of the use of Artificial Intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

*/s/ Angela M. Liu*
Angela M. Liu